LOLLEY, J.
| defendant, Rafael Lofton, pled guilty to attempted second degree murder, violations of La. R.S. 14:27 and La. R.S. 14:30.1. He was ultimately sentenced to 20 years at hard labor, which sentence he now appeals. For the following reasons, we affirm his conviction and sentence.
Facts
Rafael Lofton was charged by bill of information with the attempted second degree murder of Rondell Hawk. Pursuant to a plea bargain that capped his sentence at 30 years and included the State’s agreement not to charge him as a habitual offender, he pled guilty as charged. At the guilty plea hearing, the trial court ordered a presentence investigation report (“PSI”).
On October 13, 2010, a letter from Lof-ton to the trial judge was filed in the record, wherein Lofton stated his desire to withdraw his guilty plea. Nonetheless, on November 15, 2010, the trial court conducted a sentencing hearing at which it noted reviewing the previously ordered PSI. Lofton was sentenced to 20 years at hard labor with credit for time served; however, the trial court made no mention of Lofton’s request to withdraw his plea. At the end of the sentencing hearing, Lof-ton stated that he was supposed to withdraw his plea; still, no inquiry or comment was made by the trial court.
Lofton appealed his sentence in proper person. On May 19, 2011, this Court issued an order noting that pursuant to an error patent review, we had discovered an outstanding timely motion by Lofton to withdraw his guilty plea. We noted that there was no indication either that the motion was waived, or that the trial court had conducted a hearing on the motion 12prior to sentencing. Accordingly, we found Lofton’s initial appeal premature, ordered the appeal dismissed, vacated the sentence, and remanded the case for hearing and ruling on the pending motion to withdraw the guilty plea.
On October 28, 2011, the trial court held a hearing as ordered by this Court, at which Lofton testified that when he previously pled guilty, he “didn’t have clear understanding what was going on with my case, and my previous private counselor didn’t put forth any effort to better my understanding.” He also claimed to have “performed under oath in vain, in God’s name, and I truly didn’t commit this crime of attempted second degree murder.”
The trial court reviewed the procedural history of the case, including the terms of the plea bargain agreement. It noted that Lofton’s former attorney was a respected member of the bar and stated its belief that Lofton had been given sufficient detail to completely understand the agreement that he was entering into. Concluding *736 that Lofton had understood the ramifications of his prior guilty plea, the trial court denied Lofton’s request to withdraw his guilty plea, and a new sentencing hearing was scheduled.
At the second sentencing hearing, the trial court indicated that it had reviewed the PSI in accordance with the guidelines of La. C. Cr. P. art. 894.1. The trial court noted that the investigation in the case indicated that Lofton had fired two shots at a Rondell Hawk with the intent of causing great bodily harm or death. Hawk had indicated to the officer preparing the PSI that he was still having significant medical problems as a result of the |sshooting. The PSI also showed that Lof-ton was classified as a third-felony offender and not eligible for a probated sentence. The trial court concluded that because of Lofton’s history with violent actions, he would likely re-offend and would present a danger to the public. The trial court also determined that any lesser sentence than the one Lofton was about to receive would deprecate the seriousness of the offense. Lofton was sentenced the same as before — 20 years at hard labor with credit for time served. This appeal followed.
Discussion
Lofton raises only one assignment of error, arguing that his sentence is excessive.[1] Specifically, he submits that he is not the worst of offenders, and the trial court only focused on his criminal act and his prior criminal history, mentioning nothing of Lofton’s social history, family, health, education, or work experience. Thus, Lofton argues that his sentence was not tailored to him, and the goals of punishment and rehabilitation could be accomplished with a less severe sentence. We disagree.
Notably, where a specific sentence or sentencing cap has been agreed upon as a consequence of a plea bargain, a sentence imposed within the agreed range cannot be appealed as excessive if that right has not been specifically reserved. La. C. Cr. P. art. 881.2(A)(2). Moreover, in such a case there is no need for the trial judge to give reasons for the sentence as normally required by La. C. Cr. P. art. 894.1. State v. Hicks, 45,001 (La.App.2d Cir.01/27/10), 30 So.3d 1081, writ denied, 2010-0459 (La.09/24/10), 45 So.3d 1071.
The record in this case clearly shows that Lofton pled guilty with a sentence cap. Further, the record does not contain any indication that Lofton reserved the right to appeal his sentence as excessive. Moreover, although Lofton argues that he did not intelligently waive his constitutional right to appellate review, the record does not bear that out. Accordingly, because the only issue is excessiveness, and the sentence imposed cannot be appealed as excessive, Lofton’s sentence is affirmed.
Conclusion
For the foregoing reasons, the conviction and sentence of Rafael Lofton are affirmed.
AFFIRMED.

. Lofton did not appeal the trial court's denial of his motion to withdraw his guilty plea.